The opinion of the court was delivered by
Fenner, J.
The sole ground of error assigned arises on a bill of exceptions to the ruling of the judge overruling a motion to recuse him and refusing to refer it for trial to a judge ad hoe.
If the motion had assigned any legal ground for recusation, it would have been the plain duty of the judge to refer it for decision to a judge ad hoe, under our repeated decisions. 38 An. 1293; 37 An. 253; 38 An. 247; 39 An. 995.
But these decisions do not refer to motions which, upon their face and admitting all their allegations to be true, afford no legal ground for recusation.
The Code of Practice, Art. 338, is very explicit in defining and limiting the causes for which a judge may be recused. He can not be recused, nor, under Art. 340, can he recuse himself, for any other causes than those so specifically mentioned.
The motion made by defendant sets forth no one of these causes. It was frivolous on its face, made only on the eve of trial, and could have no purpose or effect but to create delay.
When we said, in the opinions above referred to, that the judge’s duty to refer was irrespective of the merits of the plea, of course, we meant only the issues of fact involved under a plea valid if sustained by proof. We did not mean to compel judges to go through the idle ceremony of referring pleas which, if admitted to be true, would furnish no ground for recusation. This would be to issue a patent for a brand new device to obtain delays in criminal causes which the clumsiest hand could operate successfully.
Judgment affirmed.